UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES WAYNE PALMER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> BRIAN SMITH, ) <br> ) <br> Respondent. ) | No. 2:17-cv-00049-WTL-DKL |

**Entry Discussing Petition for Writ of Habeas**

**Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Charles Palmer for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

Palmer is confined at an Indiana prisoner serving the executed portion of a sentence imposed on February 23, 2016 following his plea of guilty to causing death when operating a motor vehicle while intoxicated. Two motions to modify Palmer's sentence were summarily denied. These were followed by the filing of a petition for post-conviction relief, which was withdrawn without prejudice on November 7, 2016 at Palmer's request. This action followed.

The respondent has appeared in the action and argues that Palmer has not exhausted his available state court remedies and that the action should therefore be dismissed without prejudice. The factual premise for this argument is that Palmer has two viable state court remedies available to assert the claims in his habeas petition which challenge the fact or the duration of his confinement. The first of this is a motion for leave to file a belated direct appeal and the second of these is an action for post-conviction relief. Palmer started down this latter path, but then caused the action to be withdrawn without prejudice.

**B. Discussion**

As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

The hurdle Palmer faces here is the exhaustion of available remedies in the state courts. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)(internal quotations and citations omitted). The exhaustion requirement is satisfied once a petitioner fairly presents his claims to each level of the state-court system for those courts' review. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).

In Indiana, an action for post-conviction relief constitutes a meaningful state court remedy. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). At a minimum, Palmer may re-file such an action in the trial court and pursue it to its conclusion. He offers no sound reason why this course of action is not available to him and why it would not be a meaningful remedy for him. That fact renders the filing of this federal habeas action premature.

### C. Conclusion

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). Palmer has not exhausted his habeas claims in the Indiana state courts, which remain open to him. His petition for a writ of habeas corpus is therefore dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Palmer has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Indeed, because the petitioner's habeas challenge is progressing as already noted in this Entry, the dismissal ordered herein is a nonfinal order and hence is not even appealable. *Gacho v. Butler*, 792 F.3d 732, 736 (7th Cir. 2015). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/2/17

Distribution:

Eric Parker Babbs
OFFICE OF THE ATTORNEY GENERAL
eric.babbs@atg.in.gov

CHARLES WAYNE PALMER
258678
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only